**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JEANI ANDERSON,

      Plaintiff,

v.                                                                              Civ. No. 19-05 GBW/SMV

PATRICIA ANN HILBURN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion for Partial Summary Judgment (*doc. 15*) and Plaintiff's Motion for Continuance of Defendant's Motion for Partial Summary Judgment (*doc. 18*). For the reasons that follow, the Court GRANTS Defendant's Motion for Partial Summary Judgment (*doc. 15*). Because additional discovery would have no effect on this ruling, the Court DENIES Plaintiff's Motion for Continuance (*doc. 18*).

### I.    BACKGROUND

Plaintiff filed her Complaint on January 4, 2019, alleging fraudulent transfers under New Mexico's Uniform Voidable Transfer Act. *Doc. 1*. This action is one of a series of lawsuits,[1] some of which are still ongoing, and the history of which is only

---

[1] Prior cases in the District of New Mexico include: *Anderson v. Horton et al.*, No. 16-cv-1317 GJF/LAM; *Anderson v. Horton et al.*, No. 18-cv-642 RB/SMV; and *Las Uvas Valley Dairies*, No. 17-bk-12356.

marginally relevant for the purpose of the present motions. Defendant Hilburn was not a party to these prior actions. Instead, they arose from dealings between Plaintiff and two individuals named Dean and Frances Horton. Plaintiff alleges that she is a present creditor of the Hortons pursuant to a prior settlement agreement, and that they "have been hiding, encumbering, and/or disposing of assets in an attempt to hinder, evade, delay, and/or defraud creditors, including Plaintiff." *Id*. at 3.

Specifically, in Count One of her Complaint,[2] Plaintiff alleges that the Hortons fraudulently transferred life insurance policies to Defendant Hilburn in an effort to evade their creditors, including Plaintiff. *Id*. at 3–5. According to the facts recited in the Complaint, both Mr. and Mrs. Horton purchased universal life insurance policies with a "substantial cash value" for which they were "both the owners and the insured." *Id*. at 3–4. However, at some point following completion of the settlement agreement between Plaintiff and the Hortons, the Hortons transferred ownership of their life insurance policies to Defendant Hilburn, who is Mrs. Horton's sister. *Id*. at 4. Plaintiff claims that this transfer violated the New Mexico Uniform Voidable Transactions Act ("UVTA"), NMSA 1978 §§ 56-10-18 and 56-10-19. *Id*. at 4–5.

On March 19, 2019, Defendant filed her Motion for Partial Summary Judgment asking the Court to dismiss Count One of the Complaint. *Doc. 15*. Defendant presents

---

[2] It is unnecessary to address Count Two, as Defendant has only moved to dismiss Count One at this time. *See doc. 15*.

two arguments in support of her entitlement to summary judgment.  First, she asserts that the life insurance policies in question are term, not universal, policies.  *Id*. at 3–6.  Because term life insurance policies have no cash value, the transfer of a term life insurance policy cannot violate the UVTA.[3]  *Id*.  Second, Defendant argues that Plaintiff cannot attach the Hortons' life insurance policies at all because life insurance policies are exempt under New Mexico law.  *Doc. 15* at 6–8.

In response, Plaintiff filed a Motion for Continuance of Defendant's Motion for Partial Summary Judgment, requesting relief under Federal Rule of Civil Procedure 56(d).  *Doc. 18*.  Plaintiff concedes that term life insurance policies have no cash value, but argues that the current status of the Hortons' policies (as opposed to their status at the time of issuance) has not been proven.  *Id*. at 2.  Plaintiff additionally cites the possible existence of other, unknown life insurance policies.  *Id*. at 4.  She therefore requests an opportunity to engage in discovery with respect to the current status of the Hortons' life insurance policies and whether they are term or universal.  *Id*. at 4–5.  In the meantime, Plaintiff asks the Court either to deny Defendant's Motion, or to defer ruling on it until the requested discovery is complete.  *Id*. at 5.  Plaintiff argues that "[t]he *current* status of the subject life insurance policies is essential to Plaintiff's opposition to the Motion.  In fact, Defendant's Motion rises and falls on this

---

[3] Defendant has attached documentation to her Motion allegedly proving that the Hortons' policies are term policies.  *See docs. 15-1, 15-2, 15-3, 15-4, 15-5.*

undiscovered fact." *Id*. at 4. However, Plaintiff does not address Defendant's exemption argument, nor does she explain how the requested discovery would be essential to her opposition on that point. *See generally id*.

Defendant filed a Reply in Support of Her Motion for Partial Summary Judgment and Response to Plaintiff's Motion for Continuance on April 9, 2019. *Doc. 21*. She argues that the available evidence proves the Hortons' policies are term policies, and that, even if the policies were universal, universal life insurance policies are exempt under New Mexico law and cannot be attached. Both motions are now before the Court.

## II.  LEGAL STANDARD

### A. Summary Judgment

Under Federal Rule of Civil Procedure 56(a), a court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of "show[ing] 'that there is an absence of evidence to support the nonmoving party's case.'" *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the movant meets this burden, the non-moving party is required to designate specific facts showing that "there are…genuine factual issues that properly can be resolved only

by a finder of fact because they may reasonably be resolved in favor of either party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Celotex*, 477 U.S. at 324.

    B.  <u>Rule 56(d)</u>

Federal Rule of Civil Procedure 56(d) states in full:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;
    (2) allow time to obtain affidavits or declarations or to take discovery; or
    (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The principle underlying Rule 56(d) is that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)) (alteration in original). However, Rule 56(d) "is not a license for a fishing expedition." *Lewis v. Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990). The required affidavit must identify:

(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment.

*Valley Forge Ins. Co. v. Health Care Mgmt. Ptners, LTD*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotations and citations omitted) (alteration in original).

Any additional information sought must be "essential" to opposition of the motion for summary judgment. Fed. R. Civ. P. 56(d). "If…the information sought [is] irrelevant to the summary judgment motion…no extension will be granted." *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554 (10th Cir. 1993) (citation omitted).

## III. ANALYSIS

The Court first addresses Defendant's argument that all life insurance policies are exempt from attachment by creditors under New Mexico law. Because the Court agrees, and therefore finds that the transfer of a life insurance policy cannot be voidable under the UVTA, the Court need not reach the issue of whether the Hortons' policies are term or universal.

1. The UVTA does not apply to transfers of exempt property.

Plaintiff alleges that "[t]he transfer of the Hortons' life insurance policies to Defendant Hilburn was fraudulent with respect to Plaintiff under both NMSA 1978, §§ 56-10-18 and 56-10-19." *Doc. 1* at 5. Both § 56-10-18 and § 56-10-19 are sections of the Uniform Voidable Transactions Act ("UVTA"), formerly known as the Uniform Fraudulent Transfer Act ("UFTA"). *See Schmierer v. Tribal Trust*, 427 P.3d 143, 146 (N.M. Ct. App. 2018).

Both § 56-10-18 and §56-10-19 apply to "transfers" of property.[4] In other words,

---

[4] Both statutes may also be applied to void "obligation[s] incurred" by a debtor. *See* NMSA §§ 56-10-18 and 56-10-19 ("transfer made or obligation incurred"). However, this provision is inapplicable to the facts as alleged by Plaintiff, and Plaintiff specifically alleges a fraudulent "transfer." *See doc. 1* at 5.

in order for a transaction to be voidable under the UVTA, it must be a "transfer" under the meaning of the statute. The term "transfer" is defined in the UVTA as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an *asset* or an interest in an *asset*…." NMSA 1978 § 56-10-15(P) (emphasis added). "Asset" is defined as "property of a debtor." *Id*. at § 56-10-15(B). However, the term "asset" does *not* include "property to the extent that it is generally exempt under nonbankruptcy law." *Id*. at § 56-10-15(B)(2).

Therefore, a transaction involving exempt property is not a "transfer" for purposes of the UVTA, because exempt property is not an "asset." *See, e.g.*, *In re Panepinto*, 487 B.R. 370, 373 (W.D.N.Y. 2013) ("it is literally 'true by definition' that under the Uniform Fraudulent Transfers Act, a transfer made with actual intent to hinder, delay, or defraud creditors is not avoidable if the subject of the transfer is the exempt property itself").

2. The value of life insurance policies, whether term or universal, is exempt under New Mexico law.

Under New Mexico law, the cash value of a life insurance policy is exempt. The life insurance exemption statute reads as follows:

> The cash surrender value of *any life insurance policy*, the withdrawal value of any optional settlement, annuity contract or deposit with any life insurance company…issued *upon the life of a citizen or resident of the state of New Mexico*, or made by any such insurance company with such citizen, upon whatever form and whether the insured or the person protected thereby has the right to change the beneficiary therein or not, *shall in no case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured* or who is

protected by said contract, or who receives or is to receive the benefit thereof, *nor shall it be subject in any other manner to the debts of the person whose life is so insured*, or who is protected by said contract or who receives or is to receive the benefits thereof, unless such policy, contract or deposit be taken out, made or assigned in writing for the benefit of such creditor.

NMSA 1978 § 42-10-3 (emphasis added). This exemption is generally applicable and not limited to bankruptcy law. Indeed, in the words of the New Mexico Supreme Court, "the legislature provided for virtually unlimited exemptions for funds qualifying under Sections 42-10-2 and -3." *Dona Ana S&L Ass'n, F.A. v. Dofflemeyer*, 115 N.M. 590, 594 (1993).

It is undisputed that Dean and Frances Horton are residents of New Mexico, both now and at the time of purchasing their life insurance policies. *See doc. 1* at 2 ("Dean and Frances Horton…are, and were at the time of contracting, residents of the State of New Mexico."); *doc. 2* at 2 (admitting that "[t]he Hortons are now, and at all times material hereto were, residents of the State of New Mexico"). Therefore, the subject life insurance policies were "issued upon the life of a citizen or resident of the state of New Mexico," NMSA 1978 § 42-10-3, and fall within the scope of the exemption statute. Because the Hortons are undisputedly the parties whose lives are insured, and they are New Mexico residents, the cash value of their life insurance policies is not liable to attachment by any of their creditors. This is so whether their policies are universal or term life insurance policies. *See In re Bushey*, 559 B.R. 766, 777 (D.N.M.

2016) ("To the extent the Debtor has an interest in the cash surrender value of the [universal] Life Insurance Policy, he can claim an exemption in it.").

3.  Transfer of a life insurance policy, whether term or universal, is therefore not voidable under New Mexico's UVTA.

Both the plain language of the UVTA and persuasive authority from other circuits suggest that New Mexico's life insurance exemption is a general exemption within the meaning of the UVTA.

The Second Circuit, construing the UFTA's phrase "generally exempt under nonbankruptcy law," looked to Connecticut's "Exempt Property" statute to determine what was exempt. *Cadle Co. v. Fletcher*, 804 F.3d 198, 200 n.2 (2d Cir. 2015).[5] That statute falls under the "Postjudgment Procedures" chapter of Connecticut's code and includes an exemption for life insurance value up to $4,000. *Id.*; Conn. Gen. Stat. § 52-352b. New Mexico's life insurance exemption, § 42-10-3, is even more generally applicable: "On their face, the [New Mexico] statutes allow for unlimited exemptions for life insurance, annuities, and pension and retirement funds." *Dofflemeyer*, 115 N.M. at 593. The District of Minnesota, addressing the question of what property is "generally exempt" under the UFTA, reached the same conclusion:

---

[5] In the same opinion, the Second Circuit certified to the Connecticut Supreme Court the question of whether a particular category of post-garnishment wages was exempt under Connecticut law. *See Cadle Co. v. Fletcher*, 804 F.3d at 202. The Connecticut Supreme Court answered the certified question in the negative, *Cadle Co. v. Fletcher*, 324 Conn. 228, 244–45 (2016), and the Second Circuit entered a judgment, *see Cadle Co. v. Fletcher*, 848 F.3d 88 (2d Cir. 2017). Nothing in this history invalidates the Second Circuit's reference to Connecticut exemption statutes to determine what was "generally exempt" under the UFTA.

> [U]nder Minnesota law, an "asset" does not include "property to the extent it is generally exempt under nonbankruptcy law," and life insurance proceeds are exempt from the claims of the insured's creditors. Therefore…life insurance proceeds are not property subject to the Uniform Fraudulent Transfer Act. As a result, no transfer of property occurred as required by the statute.

*Great Southern Life Ins. Co. v. Agric. Bldg. Co. Indus.*, 2002 WL 924249, at *2–3 (D. Minn. 2002) (internal citations omitted). This Court agrees and concludes that property exempt under § 42-10-3 is "generally exempt under nonbankruptcy law" for purposes of the UVTA.

Of course, when non-exempt funds are converted into funds exempt under §§ 42-10-2 and -3, the court must analyze "whether the transfer served the underlying purpose of the exemption statutes and was not in furtherance of an intent to defraud creditors." *Dofflemeyer*, 115 N.M. at 594. In other words, the conversion of non-exempt property to exempt property may constitute a "transfer" that is voidable if the transaction satisfies the other elements of §§ 56-10-18 and -19. But the allegedly fraudulent transfer in this case is the transfer of ownership of life insurance policies, whose value was *already* exempt under § 42-10-3, to another person. Plaintiff has alleged no fraudulent transfer when the life insurance policies were funded, which would have been when *non*-exempt property became *exempt* property. The Hortons' life insurance policies, whether term or universal, were already exempt at the time of the transfer of ownership to Defendant. Therefore, the Court need not analyze Defendant's intent or lack thereof to defraud creditors by that transfer. No "asset"

changed hands, meaning that no potentially voidable "transfer" occurred under the UVTA,[6] and Plaintiff's claim fails as a matter of law.

## IV. CONCLUSION

In light of the foregoing, summary judgment is appropriate because Defendant has shown her entitlement to judgment as a matter of law, and no genuine dispute remains as to any material fact. *See* Fed. R. Civ. P. 56(a). Whether the Hortons' life insurance policies were term or universal policies at the time of transfer is immaterial, because a transfer of exempt property is not a "transfer" voidable under the UVTA. Defendant's Motion for Partial Summary Judgment (*doc. 15*) is therefore GRANTED, and Count One of the Complaint is DISMISSED WITH PREJUDICE.

Because discovery to ascertain the nature of the relevant life insurance policies would have no effect on this legal conclusion, and the information sought would therefore be irrelevant to deciding the summary judgment motion, Plaintiff's motion pursuant to Rule 56(d) (*doc. 18*) is hereby DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

---

[6] Needless to say, in light of § 42-10-3, the Court is also powerless to "provisionally attach the life insurance policies" as requested by Plaintiff. *See doc. 1* at 5.